IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WAYNE GROGAN,<br><br>  Plaintiff,<br><br> v.<br><br>J. CLARK KESSEL, Federal Receiver; CANDY, C.D.C.R. Receiver; DR. JAVATE; CALIFORNIA PRISON HEALTH CARE CORPORATION,<br><br>  Defendants. | No. C 10-1522 WHA (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983 alleging that he has received inadequate medical care in prison. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

1  (9th Cir. 1990).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
3  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
4  statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds
5  upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
6  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
7  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
8  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
9  do. . . . Factual allegations must be enough to raise a right to relief above the speculative
10 level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
11 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
12 at 1986-87.

13 To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:
14 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
15 that the alleged deprivation was committed by a person acting under the color of state law.
16 *West v. Atkins*, 487 U.S. 42, 48 (1988).

17 **B.    LEGAL CLAIMS**

18 Plaintiff alleges in his complaint that he arrived at North Kern State Prison in September
19 2009 with multiple fractures in his foot, sciatica, and torn ligaments in his knee. He claims that
20 his requested medical treatment and eventually received medication and eight x-rays, but
21 nothing further. He was transferred to the California Training Facility in Soledad, California, in
22 December 2009. He requested medical care and was seen by defendant Dr. Javate in February
23 and March 2010. Dr. Javate allegedly failed to refer plaintiff to a specialist or to provide him
24 any medical care. Plaintiff asserts that he needs knee surgery.

25 When liberally construed, plaintiff's allegations state a cognizable claim against Dr.
26 Javate for deliberate indifference to his serious medical needs.

27 In addition to naming Dr. Javate, plaintiff names defendants "Federal Receive" J. Clark
28 Kessel, "C.D.C.R. Receive Candy," and the "California Prison Health Care Corporation."

Plaintiff does not allege that these defendants played any part in examination of plaintiff's condition, the treatment he received, or Dr. Javate's alleged failure to provide medical care or refer him to a specialist.  Therefore, plaintiff appears to be attempting to sue these defendants in their capacity as a supervisor.  A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under no circumstances is there liability under Section 1983 on a "respondeat superior" liability that would make one defendant responsible for the actions omissions of a subordinate.  *Ibid.*  Plaintiff's allegations do not support a theory of liability against defendants Kessel, Candy or the California Prison Health Care Corporation for the asserted injuries based upon their personal participation or policymaking decisions.  Accordingly, these claims will be dismissed.

**CONCLUSION**

1. The claims against defendants Kessel, Candy and the California Prison Health Care Corporation are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter and copies of this order upon defendant Dr. JAVATE at the California Training Facility.  A courtesy copy of the complaint and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case:

   a. No later than ninety days from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

1        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

      c. Defendants **shall** file a reply brief no later than fifteen days after the date the opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June  14 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GROGAN1522.SRV.wpd

4

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.