IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WAYNE GROGAN,<br><br>    Plaintiff,<br><br>  v.<br><br>J. CLARK KESSEL, Federal Receiver; CANDY, C.D.C.R. Receiver; DR. JAVATE; CALIFORNIA PRISON HEALTH CARE CORPORATION,<br><br>    Defendants.<br>                           / | No. C 10-1522 WHA (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket No. 16) |

**INTRODUCTION**

This is a civil rights action filed under 42 U.S.C. 1983 by a state prisoner proceeding pro se. Plaintiff claims that defendant Dr. Javate did not provide adequate medical care while he was incarcerated at the California Training Facility in Soledad, California. The claims against the other three defendants, Receiver J. Clark Kessel and Candy and the California Prison Health Care Corporation, were dismissed for failure to state a cognizable claim for relief. Defendant Javate has moved for summary judgment. Although he was give an opportunity to oppose the motion, plaintiff has not done so. For the reasons set out below, the motion for summary judgment is **GRANTED**.

**ANALYSIS**

The motion for summary judgment is unopposed. A district court may not grant a

1  motion for summary judgment solely because the opposing party has failed to file an
2  opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed
3  motion may be granted only after court determines that there are no material issues of fact).
4  The court may, however, grant an unopposed motion for summary judgment if the movant's
5  papers are themselves sufficient to support the motion and do not on their face reveal a genuine
6  issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026,
7  1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus
8  Lines Insurance Company*, 541 f.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in
9  opposition to a motion for summary judgment, the district court is not required to search the
10 record sua sponte for a triable issue of fact).

11  The papers in support of the motion for summary judgment show that Dr. Javate was not
12 deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment.
13 Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's
14 proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
15 A prison official is deliberately indifferent if she knows that a prisoner faces a substantial risk
16 of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer
17 v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross negligence will constitute
18 deliberate indifference. *Id.* at 835-36 & n.4 (1994).

19  Defendants have presented plaintiff's medical records which show that Dr. Javate first
20 examined plaintiff on February 1, 2010, when plaintiff told her that he had torn ligaments in his
21 right knee that his knee and pain in his lower back and foot (Askew Decl. Ex. A). Dr. Javate
22 noted that plaintiff had previously been at a different institution where he had an MRI and x-
23 rays, but the results of those tests were not in his file (*ibid.*). She ordered those results,
24 prescribed a knee brace, and issued an authorization (called a "chrono") for a lower bunk and
25 relief from work assignments (*ibid.*). She next examined plaintiff on March 4, 2010, when he
26 continued to complain of pain in his knee and back, and she referred him for an MRI and to a
27 pain specialist and continued his chrono (*id.* Ex. B). Her next exam of plaintiff was on April 5,
28 2010, when she noted that plaintiff was approved for an MRI and a pain specialist; she also

1 continued his chrono and opined that his symptoms suggested a meniscus tear (*id.* Ex. C).  An
2 MRI was performed on April 21, 2010, and a radiologist reviewed the results (*id.* Ex. D).  He
3 found a torn ligament, a previously repaired ligament, as well as posttraumatic abnormalities
4 and degeneration suffered from a prior motorcycle accident (*ibid.*).  On May 7, 2010, Dr.
5 Timothy Friederichs referred plaintiff to physical therapy and to an orthopedist, but on May 27,
6 2010, plaintiff refused to participate in physical therapy (*id.* Exs. E, F).  X-rays were scheduled
7 to be performed on July 22, 2010, but plaintiff declined them and stated that he would handle
8 his medical care after he was released from prison, which occurred on August 19, 2010 (*id.* Ex.
9 G).

10    Defendant's evidence establishes that Dr. Javate did not disregard plaintiff's need for
11 medical care, but rather provided a substantial amount of medical treatment for plaintiff's
12 condition.  She examined him three times over approximately two months, and ordered both the
13 results of a prior MRI and a new MRI when those results did not arrive promptly, referred him
14 to a specialist to address his pain, ordered a knee brace, and issued a chrono to ensure that
15 plaintiff could sleep on a lower bunk and would miss work.  These actions dispel any notion
16 that she knowingly disregarded plaintiff's need for medical care for his knee.  There is
17 furthermore no evidence that the treatment she provided was deficient or medically
18 inappropriate.  As noted, plaintiff has filed no opposition, and even the factual allegations in his
19 complaint cannot be considered as an opposing affidavit because the complaint is not verified.
20 *Cf. Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).  Because the
21 uncontradicted evidence presented by Dr. Javate demonstrates that she was not deliberately
22 indifferent to plaintiff's serious medical needs, Dr. Javate is entitled to summary judgment on
23 plaintiff's claims.
24 //
25 //

**CONCLUSION**

Defendant's motion for summary judgment (docket number 16) is **GRANTED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July  22 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GROGAN1522.MSJ.wpd

4